UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

K&G MEN'S COMPANY, INC.

CIVIL ACTION

VERSUS

NO. 10-309-JJB-SCR

LAURA CARTER; JOHN DOE, d/b/a
    K&G MEN'S & WOMEN'S CLOTHING

### RULING ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

This matter is before the Court on plaintiff's Motion for Entry of Final Default Judgment. (Doc. 29). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. After careful review of the aforementioned documents, the Court GRANTS plaintiff's motion, in part, and DENIES plaintiff's motion, in part.

### Background

This case involves alleged trademark infringement by the defendants, Gloria Scott and Kevin Scott, through their company K&G Men's and Women's Clothing (hereinafter "KGMWC"), of a valid trademark registered to the plaintiff, K&G Men's Company (hereinafter "K&G"), a large, national retail clothing company. In late 2009, the manager of K&G's Baton Rouge store learned that KGMWC had opened a store under the name "K&G," when customers and individuals seeking employment began to inquire about K&G's "new" store in Baton Rouge.

1

On April 14, 2010, K&G's attorney sent a cease and desist letter to the KGMWC store, to which defendants failed to respond. Thereafter, on April 30, 2010, K&G filed and served its original complaint upon KGMWC's manager at the KGMWC store.[1] (Doc. 1). Along with plaintiff's complaint, K&G's attorney sent a second letter to KGMWC reiterating the seriousness of its conduct, and requesting that the parties discuss the matter. On May 18, 2010, K&G filed its amended complaint naming Gloria and Kevin Scott as defendants, (doc. 9), and on May 24, 2010, the amended complaint was served upon Gloria Scott and who the process server believed to be Kevin Scott. The defendants failed to respond to plaintiff's complaint and letters, and made no appearance in the case.

On July 8, 2010, this Court entered default judgment on K&G's behalf, (doc. 20), and on August 9, 2010, held a hearing on the default, at which the defendants failed to appear. At the hearing, this Court—after finding that (1) K&G had failed provide evidence of the amount of its damages, (2) K&G had failed to establish its entitlement to attorney's fees, and (3) K&G had failed to establish its entitlement to punitive damages—instructed K&G to submit a new proposed judgment. (Doc. 28).

## Analysis

**I. Plaintiff is granted the requested attorney's fees because this is an "exceptional case" under the terms of the Lanham Act and because the requested fees are reasonable.**

---

[1] Service upon KGMWC's manager at the KGMWC store was sufficient to constitute service on Gloria and Kevin Scott as owners of KGMWC under Federal Rule of Civil Procedure Rule 4(1)(B). Rule 4(1)(B) states that an "unincorporated association that is subject to suit under a common name must be served . . . by delivering a copy of the summons and of the complaint to . . . a managing or general agent."

Generally speaking, a defendant, through its default, is deemed to admit all well-pleaded facts in the plaintiff's complaint. *Whittlesley v. Weyerhauser, Co.*, 640 F.2d 739 (5th Cir. 1981). However, a defendant, simply through its default, is not deemed to admit facts that are not well-pleaded or which simply state conclusions of law. *Nishimatsu Const. Co. vs. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Under the Lanham Act, a district court may award a prevailing plaintiff reasonable attorney's fees. 15 U.S.C. § 1117(a) (2010). However, the court may award attorney's fees only in "exceptional cases." *Id.* The Fifth Circuit has defined the "exceptional" case as one in which the defendant infringes plaintiff's mark in bad faith—that is, where defendant infringes plaintiff's mark maliciously, fraudulently, deliberately or willfully. *Proctor & Gamble, Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002); *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992). Numerous district courts have held that a defendant's refusal to respond to plaintiff's requests to cease and desist or to answer plaintiff's correspondence or pleadings constitutes bad faith. *See, e.g.*, *Chevron Intellectual Prop., LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3-4 (N.D. Tex. 2009) (finding bad faith when defendant failed to respond to plaintiff's requests to cease and desist and pleadings); *Am. Auto Ass'n, Inc. v. Advance Quotes, LLC*, No. 6:10-CV-06020, 2010 WL 2985505, at *5-6 (W.D.

3

Ark. 2010) (same); *Am. Appraisal Assocs., Inc. v. West*, No. 3:05-0168, 2006 WL 724547, at *1-2 (M.D. Tenn. 2006) (same).

Here, in its Motion for Entry of Final Judgment, (doc. 23), plaintiff asserts that defendants, through their default, have admitted facts sufficient to justify an award of attorney's fees.  However, plaintiff merely lists legal conclusions in support of this assertion.  For example, plaintiff states that defendants adopted and used plaintiff's trademark, among other things, "with the intent of passing off their goods and services as those of Plaintiff;" "with the intent of confusing customers;" and "in bad faith."  Simply saying that defendants have acted in bad faith is not the same as pleading facts sufficient to establish that defendants have acted in bad faith.

That said, elsewhere in its Complaint, (doc. 1), Amended Complaint, (doc. 9), and Motion for Entry of Final Judgment, (doc. 23), plaintiff pleads facts sufficient to establish that defendants acted in bad faith.  Plaintiff asserts that defendants failed to respond to numerous letters requesting they cease and desist infringing plaintiff's registered trademark and that they contact plaintiff to discuss the matter.   In addition, plaintiff asserts that defendants, after having been properly served, failed to respond to any of plaintiff's numerous pleadings.  On the basis of these facts, this Court finds that plaintiff, K&G, has established that defendants, KGMWC, Gloria Scott and Kevin Scott, acted in bad faith under the terms of the Lanham Act and that plaintiff is entitled to reasonable attorney's fees.

4

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Under the lodestar method, the court multiplies the number of hours spent on the case by the attorney by a reasonable hourly rate for such work in the community. *Id.* Once this calculation is made, the court considers a set of twelve factors in determining whether to raise or lower the lodestar amount. *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* However, the lodestar award may not be adjusted if the *Johnson* factors were considered in determining the original lodestar amount. *Id.*

Here, plaintiff requests $19,547.90 in attorney's fees. Plaintiff's attorney, Mark Thurmon, spent a total of sixty-one and three quarter hours on plaintiff's case at a rate of $300 per hour, for a total of $18,047.90. (Doc 29, Exhibit A). Plaintiff also seeks an additional $1,500.00 for anticipated attorney's fees in connection with the enforcement of the Court's judgment. We find that the

5

amount of attorney's fees requested by plaintiff is reasonable in light of the complexity of trademark law and Mr. Thurmon's extensive experience in the field.

Plaintiff has shown that $300 represents a reasonable hourly rate even for an attorney with moderate training and experience in intellectual property law. According to the American Intellectual Property Law Association—though no information was given specifically for Louisiana—the median hourly billing rate for an attorney specializing in intellectual property is $450 in Texas and $350 in the Southeast. (Doc. 29, Exhibit C). Moreover, Mr. Thurmon has extensive professional and academic experience in trademark law. (Doc. 29, Exhibit B). According to the American Intellectual Property Association, an attorney with Mr. Thurmon's experience has a median hourly billing rate of $445. (Doc. 29, Exhibit C). Moreover, the $300 hourly billing rate requested by the plaintiff falls well within the range of rates awarded in similar cases. *See, e.g.*, *Bd. of Supervisors of La. State Univ. v. Smack Apparel Co.*, No. 14-1593, 2009 WL 927996, *4-5 (E.D. La. 2009) (finding that $325 is a reasonable hourly rate); *Seastrunk v. Darwell Integrated Tech.*, No. 3-05-CV-0531-BF, 2009 WL 2705511, at *7-8 (N.D. Tex. 2009) (finding that $385 is a reasonable hourly rate); *Kiva Kitchen & Bath, Inc. v. Capital Distrib., Inc.*, 681 F. Supp. 2d 807, 814-15 (S.D. Tex. 2010) (finding that $500 is a reasonable hourly rate).

This court therefore finds that plaintiff is entitled to reasonable attorney's fees because the present case is "exceptional" under the Lanham Act and that

the $19,547.90 requested by the plaintiff represents a reasonable award of attorney's fees. Therefore, plaintiff's request for attorney's fees is GRANTED.

**II. Plaintiff is denied compensatory damages in the amount requested because the evidence upon which plaintiff relies is too speculative and uncertain.**

Under the Lanham Act, a district court has wide discretion in awarding compensatory damages in cases of trademark infringement. 15 U.S.C. § 1117 (2010). In order to receive compensatory damages in a suit for trademark infringement, plaintiff must establish (1) that the defendant's conduct has injured the plaintiff, and (2) the amount of damages suffered. *Alpo Petfoods Inc. v. Ralston Purina Co.*, 913 F.2d 958, 969-970 (D.C. Cir. 1990); *Burndy Corp. v. Teledyne Indus., Inc.*, 748 F.2d 767, 773 (2d Cir. 1984).

In order to establish that the defendant's conduct has injured the plaintiff, the plaintiff must show that the defendant's use of its trademark has created a likelihood of confusion within the consuming public. *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs, Inc.*, 41 F.3d 223, 227 (5th Cir. 1995). Though evidence of actual confusion is not necessary to a finding of infringement, it is compelling evidence that a likelihood of confusion exists. *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 203 (5th Cir. 1998).

After establishing that it has suffered damages, plaintiff must establish the amount of damages, and the evidence supporting its claim must be reliable and the amount of damages must not be speculative. *Bigelow v. RKO Radio*

*Pictures, Inc.*, 327 U.S. 251, 265 (1946).  Plaintiff's damages need not be calculated with absolute certainty, but there at least must be a reasonable basis for the computation.  *Eastman Kodak Co. v. S. Photo Materials Co.*, 273 U.S. 359, 379 (1927).

Here, plaintiff has sufficiently established that the defendants' actions have created a likelihood of confusion.  Members of the public inquired about plaintiff K&G's "new store" in Baton Rouge, clearly confusing KGMWC with K&G.  In addition, members of the public inquired about employment opportunities at plaintiff K&G's "new store" in Baton Rouge, again, clearly confusing KGMWC with K&G.  Thus, this court finds that the plaintiff has suffered actual damages as a result of defendants' actions.

Despite establishing injury, plaintiff's calculation of its damages is too untenable to justify an award of compensatory damages.  First, plaintiff argues that defendants' actions have impaired the value of its brand as a whole and proposes a diminution of one-tenth of one percent.  (Doc. 29).  However, plaintiff provides no discussion of how it arrived at this percentage.  In addition, plaintiff's method of establishing the value of its brand is equally baseless.  To establish the value of its brand, Plaintiff cites the value of two well-known apparel brands—H&M, valued at $12 billion, and GAP, valued at $1.3 billion—and then simply announces that it is "entirely reasonable and realistic to estimate the value of Plaintiff's K&G brand in the low hundreds of millions of dollars, and certainly at least in the tens of millions of dollars," and ultimately settles on an estimate of

8

$25,000,000. (Doc. 29).   However, plaintiff fails to demonstrate how the values of H&M's and GAP's brands relate to the value of its own brand.  Plaintiff also fails explain why it is reasonable to value its brand at $25,000,000, let alone in the low hundreds of millions of dollars.

Therefore, though this Court finds that plaintiff has suffered actual damages, it also finds that plaintiff has failed to provide sufficient evidence for the damages requested.  Therefore, plaintiff's request for compensatory damages is DENIED.

**III. Plaintiff is denied punitive damages in the amount requested because the evidence upon which plaintiff relies is too speculative and uncertain.**

Here, plaintiff seeks $10,000 in punitive damages.  Though punitive damages are not explicitly available under the Lanham Act, the Act has been interpreted not to preempt state laws providing for punitive damages in cases of trademark infringement.  *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007).  *See also*, 5 McCarthy on Trademarks and Unfair Competition, § 30:97 (4th ed.) ("While Lanham Act § 35 does not authorize an additional award of punitive damages for willful infringement of a registered trademark or for a violation of § 43(a), punitive damages are still available for accompanying state, nonfederal causes of action for trademark infringement.").  The Louisiana Unfair Trade Practices Act explicitly authorizes a court to award punitive damages if the defendant engages in unfair or deceptive practices.  La. R.S. § 51:1409(A).  It

states that "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, *after being put on notice by the attorney general*, the court shall award three times the actual damages sustained." *Id.* (emphasis added).

Here, the plaintiff has failed to assert that defendants were, at any time, notified by the attorney general regarding its use of plaintiff's trademark. Moreover, because plaintiff has failed to establish its actual damages with the requisite degree of certainty, this court is unable to determine whether punitive damages of $10,000 would exceed what is permissible under the Louisiana statute. Therefore, plaintiff's request for punitive damages is DENIED.

## Conclusion

Because the plaintiff has established that the present case is "exceptional" under the Lanham Act, plaintiff's request for attorney's fees in its Motion for Entry of Default Judgment, (doc. 29), is GRANTED. However, because the plaintiff has failed to provide sufficient evidence of the amount of its damages, its requests for compensatory and punitive damages in its Motion for Entry of Default Judgment, (doc. 29), are DENIED. Counsel for plaintiff shall submit a form of judgment for signature by the Court within 10 days.

Signed in Baton Rouge, Louisiana, on September 13, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**