UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

K&G MEN'S COMPANY

VERSUS

LAURA CARTER, ET AL

CIVIL ACTION

NO. 10-309-JJB-SCR

**ORDER**

Plaintiff has filed a Motion for Reconsideration (doc. 33).  This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On September 29, 2010, this Court entered a judgment[1] against Defendants K&G Men's and Women's Clothing and Gloria Scott requiring Defendants to (1) remove multiple signs bearing Plaintiff's trademark from their store located at 4060 Plank Road, Baton Rouge, LA 70805 and (2) pay Plaintiff $19,547.90 in attorney's fees (doc. 32).

In its motion, Plaintiff asserts that the Court erred in failing to additionally award Plaintiff permanent injunctive relief (doc. 33).  However, during the August 9, 2010 Default Judgment hearing, Plaintiff's counsel, Mark Thurmon stated: "We need to get the signs taken down, and then that will end the problem in terms of the trademark infringement" (August 9, 2010, Default Judgment Hearing). Plaintiff's counsel claims that he requested permanent equitable relief on three separate occasions, and the Court has revisited the briefs made by the Plaintiffs.

---

[1] Because judgment has been entered, the Court will treat Plaintiff's motion as one to amend the judgment under Federal Rule of Civil Procedure 59(e).

1

*See Motion for Final Default Judgment* (doc. 23, p. 11) (requesting permanent injunctive relief, but filed prior to the August 9, 2010 Default Judgment hearing at which Plaintiff requested only that Defendants' signs be removed); *Memorandum in Support of Motion for Entry of Final Default Judgment* (doc. 29) (discussing only its request for compensatory and punitive damages and attorney's fees); *Proposed Final Default Judgment* (doc. 31, p. 10) (requesting permanent injunctive relief in a proposed form of judgment which was not consistent with any relief previously granted by the Court).

Moreover, Plaintiff cites *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132 (9th Cir. 1986) for the proposition that a court *must* grant a permanent injunction whenever it finds a defendant has infringed the plaintiff's trademark, even when the defendant has ceased the infringing acts (doc. 33).  However, a trial court has discretion to grant or deny an injunction when the complained-of conduct has ceased and is not likely to recur, *Scotch Whiskey Ass'n v. Barton Distilling Co.*, 489 F.2d 809, 813 (7th Cir. 1973), and numerous courts have found that a permanent injunction is not required in such cases.  *See, e.g.*, *Schutt Mfg. Co. v. Riddell, Inc.*, 673 F.2d 202, 207 (7th Cir. 1982) (upholding district court's grant of summary judgment refusing permanent injunction when the plaintiff could not show that the defendant would continue violating its trademark).  Moreover, though Plaintiff cites Defendants' failure to appear or contest the proceedings as a harbinger of future infringement, it, if anything, shows their lack of intent to engage in any further infringement.  *See Robert*

2

*Stigwood Grp. Ltd. v. Hurwitz*, 462 F.2d 901, 913 (2d Cir. 1972) ("The fact that neither [of the defendants] have entered an appearance in opposition . . . adds to the conclusion that future [infringements] by these defendants are highly unlikely.").

Therefore, the Court requests that Plaintiff submit a supplemental memorandum in which Plaintiff is to provide factual and legal support for the issuance of each requested relief along with a detailed list of the precise acts to be enjoined.

## **Conclusion**

Accordingly, the Court instructs Plaintiff to submit a supplemental memorandum in support of its Motion for Reconsideration (doc. 33) as provided herein. Any response should be filed by Defendants within ten (10) days of Plaintiff's supplemental filing.

Signed in Baton Rouge, Louisiana, this 19th day of October, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**