UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

K&G MEN'S COMPANY, INC.

VERSUS

LAURA CARTER, ET AL

CIVIL ACTION

NO. 10-309-JJB-SCR

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the court on Plaintiff's Motion for Reconsideration (doc. 33). Defendants have not filed an opposition. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On July 8, 2010, this Court entered default judgment against Defendants K&G Men's and Women's Clothing ("KGMWC") and Gloria Scott for violating Plaintiff K&G Men's Company, Inc.'s, ("K&G") trademark by operating a store bearing signs that were confusingly similar to Plaintiff's mark (doc. 20). On August 9, 2010, this Court held a hearing on Plaintiff's Motion for Default Judgment (doc. 23) at which Plaintiff requested that Defendants remove the infringing signs and that Plaintiff be awarded compensatory damages, statutory damages and attorney's fees (doc. 28). After the hearing, this Court ordered Defendants to remove the signs from its store and instructed Plaintiff to submit a brief discussing its entitlement to compensatory damages, statutory damages, and attorney's fees (doc. 28). On August 18, 2010, Plaintiff submitted the requested brief (doc. 29), and on September 13, 2010, this Court issued a ruling

awarding Plaintiffs $19,547.90 in attorney's fees, but denying Plaintiff compensatory and statutory damages (doc. 30).

On September 27, 2010, Plaintiffs filed another motion for default judgment (doc. 31) to which Plaintiff attached a form of judgment that included permanent injunctive relief which had not been granted at the August 9, 2010 hearing (doc. 28) or in the Court's September 13, 2010 ruling (doc. 30).  On September 29, 2010, the Court issued a Judgment ordering Defendants to remove the offending signs and awarding Plaintiff the requested attorney's fees (doc. 32).  On October 13, 2010, Plaintiff filed its Motion for Reconsideration (doc. 33) of the Court's September 29, 2010 Judgment again requesting permanent relief, but again doing so only in a form of proposed judgment.  On October 19, 2010, the Court instructed Plaintiff to submit a supplemental memorandum in support of its Motion for Reconsideration (doc. 34).

Because judgment has already been entered, and Plaintiff submitted its motion within ten (10) days of the Court's judgment, the Court will treat Plaintiffs motion as one for an amended judgment under Federal Rule of Civil Procedure 59.  District courts have considerable discretion in deciding whether to amend their judgments. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 175 (5th Cir. 1990).  However, a court's reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).  A court may only grant a motion to alter or amend to (1) correct a manifest error of law or fact; (2)

2

consider newly discovered evidence; (3) prevent manifest injustice; (4) implement an intervening change in the law. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

Though a district court may refuse to issue a permanent injunction if, prior to rendering judgment, the defendant has ceased infringing the plaintiff's trademark, *Stigwood Grp. Ltd. v. Hurwitz*, 462 F.2d 901, 913 (2d Cir. 1972), a court should do so only where it is clear that defendant clearly intends not to violate the plaintiff's mark in the future.[1]

The Court finds that its September 29, 2010 judgment (doc. 32) should be amended to include a permanent injunction against Defendants.  Defendants received two cease-and-desist letters, but failed to respond to either and continued to infringe Plaintiff's trademark even after Plaintiff filed suit (doc. 30).  In entering default and awarding attorney's fees, this Court explicitly found that Defendants acted in bad faith and with willful disregard for Plaintiff's trademark rights (doc. 30, p. 4).  Though Defendants have since removed the offending signs, Defendants have not made an appearance in the case, and so the Court

---

[1] Trademark scholar, Thomas McCarthy states:

> If the defendant voluntarily reforms and ceases the complained-of activities, the request for injunction may be mooted.  However, the reform of the defendant must be irrefutably demonstrated and total. . . .
> Even if the defendant has ceased wrongful activities, an injunction should be granted where defendant's intentions are in doubt.

5 J. Thomas McCarthy, *McCarthy on Trademarks*, § 30.11 (4th ed. 2010).  *See also Elvis Presley Enter., Inc. v. Capece*, 141 F.3d 188, 198 (5th Cir. 1998) (upholding district court's issuance of a permanent injunction and stating that simply ceasing the infringing activity does not allow an infringing party to escape liability); *Heaton Distrib. Co. v. Union Tank Car Co.*, 387 F.2d 477, 486 (8th Cir. 1967) ("courts have many times held that where a [defendant's] intentions are in doubt . . . the entry of permanent injunction is appropriate.").

cannot say that Defendants clearly intend not to violate Plaintiffs trademark in the future.

Therefore, because Defendants have failed to establish that they does not intend to infringe Plaintiffs trademark in the future, the Court will GRANT Plaintiffs Motion for Reconsideration (doc. 35).

## CONCLUSION

Therefore, because Defendants have failed to establish that they does not intend to infringe Plaintiffs trademark in the future, the Court GRANTS Plaintiffs Motion for Reconsideration (doc. 35) and permanently enjoins Defendants from infringing Plaintiffs mark in accordance with the terms of the Amended Default Judgment accompanying this Ruling.

Signed in Baton Rouge, Louisiana, on this *15th* day of *November*, 2010.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA